# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LORENZO MARTIN,

               Plaintiff,

   v.

N. TUPPER, et al.,

               Defendants.

_____/

CASE NO. 1:09-cv-01796-OWW-SMS PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

THIRTY-DAY DEADLINE

### Screening Order

**I.**    **Screening Requirement**

      Plaintiff Lorenzo Martin, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 13, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff was incarcerated when he filed suit.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

    **A.     Allegations**

The events at issue in this action occurred at Kern Valley State Prison in Delano, California. Plaintiff alleges that Correctional Officer N. Tupper sexually harassed him in violation of the Eighth Amendment, and that Tupper and Correctional Officer R. Drewry retaliated against him in violation of the First Amendment. Plaintiff seeks damages and equitable relief for the violation of his rights.[2]

On November 15, 2008, Defendant Tupper was conducting a strip search of Plaintiff following visitation and stated, "Ooh, your asshole is pink and wet." (Comp., p. 3.) When Plaintiff objected in shock, Defendant Tupper's demeanor changed and he said, "You need to be stabbed, and if you ever front me off, I'll put some shit on you, and get you fucked off." (Id.) Plaintiff ///

---

[2] Since Plaintiff is no longer incarcerated, he is limited to seeking damages in this action. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

interpreted the events as unwanted sexual harassment and then threats against him to keep him silent, once he objected.  Plaintiff filed an inmate appeal grieving the misconduct.

On November 11, 2008, Defendants Tupper and Drewry cancelled his visit for no apparent reason and without justification, in retaliation for the inmate appeal Plaintiff filed.

**B.    Eighth Amendment Sexual Harassment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment protects inmates from sexual abuse.  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (rape and sexual abuse by guards violate the Eighth Amendment).  However, although vulgar, offensive, and sexual in nature, Defendant Tupper's comment was, at most, verbal harassment.  Neither verbal harassment nor threats rise to the level of a constitutional violation.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  The incident was not sufficiently grave to rise to the level of an Eighth Amendment violation, and the Court finds Plaintiff fails to state a claim.  Hudson, 503 U.S. at 9.

**C.    First Amendment Retaliation Claim**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

///

1    The dates of the relevant events do not support a claim for retaliation.  Plaintiff alleges that

2    the incident where Defendant Tupper harassed him occurred on November 15, 2008, while his visit

3    was cancelled on November 11, 2008.  In his inmate appeal, which is attached as an exhibit, Plaintiff

4    states that the visit was cancelled on November 8, 2008.  Defendants could not have cancelled

5    Plaintiff's visit in retaliation for filing an inmate appeal given neither the verbal harassment nor the

6    filling of the appeal grieving the harassment had yet occurred.

7    Assuming that this deficiency is curable in good faith, Plaintiff sets forth no specific

8    allegations supporting his claim that his visit was cancelled in retaliation against him for filing an

9    inmate appeal.  Plaintiff may not rely on conclusory allegations to support his claim.  Plaintiff must

10   set forth sufficient facts to support a plausible claim.

11   **III.   Conclusion and Order**

12   Plaintiff's complaint fails to state a claim upon which relief may be granted under section

13   1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson,

14   809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

15   new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

16   2007).

17   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

18   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

19   Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient]

20   to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

21   omitted).

22   Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

23   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

24   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

25   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

26   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

27   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

28   ///

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.       Plaintiff's complaint, filed October 5, 2009, is dismissed for failure to state a claim upon which relief may be granted;

3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.       If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:     January 27, 2011                          /s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE