# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>N. TUPPER,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-01796-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 14)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I. Introduction

Plaintiff Lorenzo Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 13, 2009. On January 28, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. 28 U.S.C. § 1915A. On April 27, 2011, Plaintiff filed an amended complaint. Plaintiff changed the bases for his legal claims in his amended complaint and for the reasons set forth below, the Court finds that Plaintiff failed to exhaust those claims and it recommends dismissal of this action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").

## II. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative remedy process which allows prisoners to appeal any departmental decision, action, condition, or policy which has an adverse effect on them. Cal. Code Regs., tit. 15 § 3084.1(a) (2011). At the time the events at issue occurred, California prisoners were required to describe the problem and the action requested, tit. 15 § 3084.2(a), and an appeal was sufficient "if it alert[ed] the prison to the nature of the wrong for which redress is sought," Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks and citation omitted), which "advance[d] the primary purpose of . . . notify[ing] the prison of a problem," id. (citation omitted).[1]

**III.    Discussion**

    **A.    Allegations in Original Complaint**

In his original complaint, Plaintiff alleged that Correctional Officer N. Tupper sexually harassed him in violation of the Eighth Amendment, and that Tupper and Correctional Officer R. Drewry retaliated against him in violation of the First Amendment. Plaintiff alleged that on November 15, 2008, Defendant Tupper was conducting a strip search of Plaintiff following visitation and stated, "Ooh, your asshole is pink and wet." (Doc. 1, Comp., p. 3.) When Plaintiff objected, Defendant Tupper's demeanor changed and he said, "You need to be stabbed, and if you ever front me off, I'll put some shit on you, and get you fucked off." (Id.) Plaintiff interpreted the events as unwanted sexual harassment and then threats against him to keep him silent, once he objected to the abuse. Plaintiff filed an inmate appeal grieving the misconduct. Plaintiff also alleged that on

///

---

[1] Emergency changes to the regulations became effective on January 28, 2011.

November 11, 2008, Defendants Tupper and Drewry cancelled his visit for no apparent reason and without justification, in retaliation for the inmate appeal Plaintiff filed.

The Court found that although the Eighth Amendment protects inmates from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), Defendant Tupper's comment, while vulgar, offensive, and sexual in nature, was at most verbal harassment and did not support a claim, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). The Court also found that Plaintiff's First Amendment retaliation claim was not viable because the adverse action complained of - a cancelled visit - occurred prior to the filing of the appeal, making it impossible for Defendants' actions to have been motivated by the appeal.

### B.   Allegations in Amended Complaint

In his amended complaint, Plaintiff dropped Defendant Drewry as a party, and changed the bases for his Eighth Amendment and First Amendment claims. Plaintiff now alleges that on September 18, 2009, Defendant Tupper made good on his threat by calling Plaintiff a pervert within earshot of other inmates and telling him that the inmate appeal he filed went nowhere. Thus, Plaintiff's claims have changed from a sexual harassment claim arising from the November 15, 2008, incident and a retaliation claim arising from the cancelled visit to the claim that on September 18, 2009, Defendant endangered his safety and retaliated against him by calling him a pervert in front of others.

This action was filed on October 13, 2009, making it virtually impossible for Plaintiff to have exhausted the facts at issue in his current claims.[2] Further, although Plaintiff alleges in his amended complaint that he exhausted, he incorporates by reference the inmate appeal which grieved the incident of sexual harassment on November 15, 2008. Plaintiff is not pursuing any legal claims based on the November 15, 2008, incident,[3] and Plaintiff's current legal claims, which arose from events on September 18, 2009, were not exhausted by that appeal.

---

[2] Indeed, the original complaint and the attached proof of service were dated June 28, 2009, indicating that the complaint was actually prepared well in advance of the events now alleged in the amended complaint.

[3] As previously set forth, although distasteful, Defendant's behavior on November 15, 2008, does not support an Eighth Amendment claim.

3

**IV.     Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff did not exhaust the administrative remedies as to his claims in compliance with 42 U.S.C. § 1997e(a) and the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 31, 2011**                          /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE